Howard T. Hogan, J.
In this consolidated tax certiorari proceeding, the respondent moves for an order striking the petitioner’s note of issue and declaring defective the income and expense statements attached thereto pursuant to rule 678.3 of the Rules of the Appellate Division, Second Department (22 NYCRR 678.3). There are, in addition, nine companion motions similar in import to the motion at bar.
Respondent contends that the statement of income and expenses must be verified or certified by an accountant and that the statements submitted are not sufficiently detailed. Respondent further contends that certain interest income from security deposits may be missing and that the insurance expense information recorded is at variance with answers to interrogatories previously given by the petitioner.
Respondent’s main contention concerning verification or certification by an accountant is clearly without merit. The rule is in the disjunctive and provides that a petitioner must file a verified or certified statement of income and expenses together with a note of issue if his property is income producing. The word “certified” in this connection, of course, has only one connotation; that is a statement prepared and certified by a certified public accountant. The word “verified”, however, has no such meaning nor does it require an accountant to make verification. It was inserted in the rule to recognize the fact that not all income properties are serviced by accountants who prepare certified reports. Indeed, some property owners maintain their own books and records without the benefit of accounting services.
Respondent’s contention that the Appellate Division rule requires all property owners who wish to review their assessments judicially, retain the services of an accountant places upon the rule an unwarranted and unreasonable interpretation. Verification requires only that an individual with per *468 sonal knowledge of the income and expense material set forth swear under oath as to its truthfulness and accuracy.
Careful review of the statements submitted, verified by an officer of the petitioner, demonstrates sufficient detail so as to permit intelligent review by the taxing authority. The accuracy of the statements and possible omissions or inconsistencies with other information furnished to the respondent can be adequately determined. The rule permits the respondent to audit the petitioner’s books and records and provides remedies for failure of co-operation.
On the record before the court, the respondent has demonstrated no factual basis to strike the note of issue. Accordingly, the motion is denied except that, in the interests of justice, the respondent may have 10 days from the5 date of service upon it of the order to be entered herein, with notice of entry thereof, to request in writing an audit of the petitioner’s books and records. The 120-day time limit for completion of the audit shall commence from the date of service of such request.
Order signed.